FILED
United States Court of Appeals
Tenth Circuit

March 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARC RUBAT DU MERAC,

     Plaintiff - Appellant,

v.

COLORADO SCHOOL OF MINES,

     Defendant - Appellee.

No. 15-1196
(D.C. No. 1:14-CV-01656-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

     Marc Rubat du Merac was a graduate student and research assistant at the

Colorado School of Mines when a female undergraduate filed a grievance with the

school alleging that he had sexually harassed her.  In turn, Mr. du Merac submitted

his own grievance asserting that the allegations were false and for several months the

school investigated the competing complaints.  While the school's investigation was

ongoing, Mr. du Merac contacted various witnesses on his own initiative, sending

them copies of each grievance along with excerpts from Colorado's criminal libel

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

statute and a suggestion that "any person [who] aids or abets a person [who] is engaged in criminal libel could be considered [an] accessory to this felony." In the end, the school's investigation determined that the undergraduate's complaint was meritorious, that Mr. du Merac's was not, and that Mr. du Merac's contact with witnesses constituted retaliation for a meritorious complaint. As a consequence of its findings, the school suspended Mr. du Merac for fifteen months, a result that, in turn, spelled the loss of his funded research position.

For his part, Mr. du Merac replied at this point with a lawsuit under both state and federal law, one alleging that the school had engaged in reverse sex discrimination. But at summary judgment the district court concluded that Mr. du Merac hadn't shown either a prima facie case of discrimination or that the school's proffered reasons for the suspension were pretextual. Now on appeal and proceeding pro se, Mr. du Merac insists that the district court erred and that the district court judge colluded with the school and is biased against him. He also levels before us a host of additional claims that he never presented to the district court.

Having carefully examined the briefs, record, and applicable law — and construing his pro se arguments as liberally as we might — we are unable to discern any reversible error in the district court's decision and so adopt it as our own. Further, Mr. du Merac's allegations of collusion between the district court judge and the school are unsubstantiated on the record we have. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). And his various new claims — alleging violations of the First Amendment, the Due Process Clause, the Colorado State Employee

2

Protection Act, the Family Educational Rights and Privacy Act, and the Higher Education Opportunity Act, along with various administrative and contract violations — are not properly before this court. *See Tele-Commc'ns, Inc. v. C.I.R.*, 12 F.3d 1005, 1007 (10th Cir. 1993). Accordingly, the district court's decision is affirmed and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

3